**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**UPSTATE NEW YORK CARPENTERS PENSION, HEALTH and ANNUITY FUNDS, by Earl Hall and Gary Toth, as Trustees; EMPIRE STATE CARPENTERS APPRENTICESHIP COMMITTEE, by John J. Fuchs and Joseph Olivieri, as Trustees; and EMPIRE STATE REGIONAL COUNCIL OF THE UNITED BROTHERHOOD OF CARPENTERS and JOINERS OF AMERICA, REGION 3, CARPENTERS LOCAL NO. 747, by Gary Toth, as Senior Council Representative,**

                                 **Plaintiffs,**       **5:05-CV-892**
                         **v.**                                             **(FJS/GHL)**

**E&B EQUIPMENT & FURNITURE, INC.; and LARR T. ENSMINGER, individually,**

                                   **Defendants.**

---

| APPEARANCES | OF COUNSEL |
|---|---|
| **BLITMAN & KING LLP**<br>Franklin Center, Suite 300<br>443 North Franklin Street<br>Syracuse, New York 13204<br>Attorneys for Plaintiffs | **JENNIFER A. CLARK, ESQ.**<br>**DANIEL E. KORNFELD, ESQ.** |
| **E&B EQUIPMENT & FURNITURE, INC.**<br>Lancaster, New York<br>Defendant | **NO APPEARANCE** |
| **LARR T. ENSMINGER**<br>Clarence Center, New York<br>Defendant | **NO APPEARANCE** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiffs brought this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, the Labor Management Relations Act, 29 U.S.C. § 185(a), and the terms of a collective bargaining agreement ("CBA") and Agreements of Trust. Specifically, Plaintiffs seek to collect unpaid contributions and dues deductions together with interest, liquidated damages, audit costs, and attorney's fees and costs because Defendants failed to remit contributions, dues deductions and other monies to Plaintiffs for the period from January 1, 2002, through November 27, 2004. Currently before the Court is Plaintiffs' motion, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, for entry of a default judgment against Defendant E&B Equipment & Furniture, Inc. ("Defendant Corporation") and Defendant Ensminger, jointly and severally, in the amount of $31,990.55 for delinquent contributions that Defendants owed and did not pay to the Pension, Health and Annuity Funds plus interest, liquidated damages and attorney's fees and costs, and an additional amount of $4,708 against Defendant Corporation for delinquent contributions that it owed and did not pay by Defendants to the Training Fund plus interest and liquidated damages and for unremitted dues deductions, I.A.P. and U.B.C. monies plus interest that it owed to the Union.

## II. DISCUSSION

**A.     Standard of Review**

When a court enters a default judgment, it must "accept[] as true all of the factual allegations

of the complaint, except for those relating to damages." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). With respect to damages, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). Determining the amount of damages is a two-fold task. *See id.* First, the court must determine "the proper rule for calculating damages on [the] claim[;]" then, the court must assess the "plaintiff's evidence supporting the damages to be determined under this rule." *Id.* In calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

**B.     Damages**

*1.  ERISA Funds*

Section 1145 of Title 29 of the United States Code provides that

> [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

When a violation of § 1145 occurs, § 1132(g)(2) provides that,

> [i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
>> **(A)** the unpaid contributions,

>>**(B)** interest on the unpaid contributions,
>>**(C)** an amount equal to the greater of –
>>>**(i)** interest on the unpaid contributions, or
>>>**(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>>
>>**(D)** reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>>**(E)** such other legal or equitable relief as the court deems appropriate.
>
>For the purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).

The CBA Non-Association signature page states that "all the terms and conditions in the agreement attached . . . are applicable to and are binding upon the employer whose signature is affixed hereto." *See* Affidavit of Jennifer A. Clark, dated October 21, 2005 ("Clark Aff."), at Exhibit "D" at 18. Defendant Ensminger's signature for Defendant Corporation is affixed to the non-association employer signature page. *See id*. at end. The CBA also provides that "[t]he employer shall be bound by and shall comply with the agreements, declarations of trust, plans and/or rules, policies and regulations of the applicable Funds . . . ." *See id.* at 9, Art. 17 § 3. Accordingly, the Court holds that Defendants are bound by the CBA, Agreements and Declarations of Trust, and the Collections Policy of the Funds; and, therefore, the Court will apply the provisions of ERISA, the CBA, the Agreements and Declarations of Trust and the Collections Policy to determine the amount of damages to which Plaintiffs are entitled.

### *a. Contributions*

#### *(1). Pension, Health & Annuity Funds*

Plaintiffs provided the Court with a chart evidencing the amount of contributions that Defendants owed but did not pay to the Pension, Health and Annuity Funds ("the Funds"). *See* Clark Aff. at Exhibit "H." This chart shows that for January 2002, February 2002, August 2002, September 2002, December 2002, January 2003, August 2004, and September 2004, Defendants owed $11,163.08 in delinquent contributions and that for September 2003, November 2003, February-July 2004, and October-November 2004, Defendants owed $8,398.62 in delinquent contributions. *See id.* Therefore, Defendants owe a total of $19,561.70 in delinquent contributions to the Funds. Accordingly, the Court awards Plaintiffs **$19,561.70** in delinquent contributions against Defendants jointly and severally for the delinquent contributions that they owe to the Funds.

#### *(2). Training Fund*

Plaintiffs present evidence indicating that Defendant Corporation owes the Training Fund $310.79 in delinquent contributions for January 2002, February 2002, August 2002, September 2002, December 2002, January 2003, August 2004, and September 2004. *See id.* The evidence shows that Defendant Corporation is also liable for delinquent contributions in the amount of $290.97 for the months of September 2003, November 2003, February-July 2004, and October-November 2004. *See id.* Therefore, Defendant Corporation owes a total of $601.76 in delinquent contributions to the Training Fund. Accordingly, the Court awards Plaintiffs **$601.76** against Defendant Corporation for delinquent contributions that it owes to the Training Fund.

### *b. Interest*

#### *(1). Pension, Health & Annuity Funds*

The interest rate provided under the Funds' Collections Policy is twelve-percent per annum compounded daily. *See* Clark Aff. at Exhibit "F" at § 1(c). Plaintiffs' complaint also indicates that the rate prior to March 1, 2002, was just twelve-percent per annum. *See* Clark Aff. at Exhibit "A" at ¶ 22. Plaintiffs calculate that amount of interest that Defendants owe to the Funds for the months of January 2002, February 2002, August 2002, September 2002, December 2002, January 2003, August 2004, and September 2004, is $1,259.81, and for the months September 2003, November 2003, February-July 2004, and October-November 2004, is $3,124.49. *See* Clark Aff. at Exhibit "H." Thus, Plaintiffs calculate that Defendants owe the Funds $4,384.30 in interest on the delinquent contributions. Accordingly, the Court awards Plaintiffs **$4,384.30** against Defendants jointly and severally for the interest on the delinquent contributions that they owe to the Funds.

#### *(2). Training Fund*

The rate provided in Plaintiffs' complaint for the computation of interest on the delinquent contributions that Defendant Corporation owes to the Training Fund is six-percent per annum. *See* Clark Aff. at Exhibit "A" at ¶ 22; Exhibit "H." Plaintiffs calculate that the amount of interest that Defendant Corporation owes to the Training Fund on delinquent contributions for the months of January 2002, February 2002, August 2002, September 2002, December 2002, January 2003, August 2004, and September 2004, is $36.25, and for the months September 2003, November 2003, February-July 2004, and October-November 2004, is $21.00. Therefore, Plaintiffs calculate that the total interest that Defendant Corporation owes to the Training Fund is $57.25. Accordingly, the

Court awards Plaintiffs **$57.25** against Defendant Corporation for interest on the delinquent contributions that it owes to the Training Fund.

### c. Liquidated Damages

#### (1). Pension, Health & Annuity Funds

Under the Funds' Collections Policy and ERISA, the Funds are entitled to the greater of the amount of interest on the unpaid contributions or twenty-percent of the unpaid contributions as liquidated damages. *See* Clark Aff. at Exhibit "F" at § 1(c); Exhibit "A" at ¶ 22. Plaintiffs calculate that Defendants owe the Funds $3,547.31 in liquidated damages for the months of January 2002, February 2002, August 2002, September 2002, December 2002, January 2003, August 2004, and September 2004, and $1,770.15 in liquidated damages for the months of September 2003, November 2003, February-July 2004, and October-November 2004. Therefore, Plaintiffs calculate that Defendants owe a total of $5,317.46 to the Funds in liquidated damages. Accordingly, the Court awards Plaintiffs **$5,317.46** against Defendants jointly and severally for the liquidated damages that they owe to the Funds..

#### (2). Training Fund

Plaintiffs' complaint states that, if an employer is delinquent in remitting contributions to the Training Fund, it is also liable for liquidated damages in the amount equal to the greater of the interest owed or twenty-percent of the delinquent contributions. *See* Clark Aff. at Exhibit "A" at ¶ 22. Plaintiffs calculate that Defendant Corporation owes the Training Fund $122.59 in liquidated damages. This consists of $59.66 that it owes for the months of September 2003, November 2003,

February-July 2004, and October-November 2004, and $62.93 that it owes for the months of January 2002, February 2002, August 2002, September 2002, December 2002, January 2003, August 2004, and September 2004. *See* Clark Aff. at Exhibit "H." Accordingly, the Court awards Plaintiffs **$122.59** against Defendant Corporation for liquidated damages that it owes to the Training Fund.

### *2. Dues Deductions and I.A.P. and U.B.C. Monies*

#### *a. Deductions*

The CBA requires Defendant Corporation to "deduct from the basic wage rate of employees covered by [the CBA], an amount shown in the wage schedule for dues check-off." *See* Clark Aff. at Exhibit "D" at p.11, Art. 19. Plaintiffs calculate that Defendant Corporation owes a total of $2,581.23 in unremitted dues deductions, I.A.P. monies and U.B.C. monies. *See* Clark Aff. at Exhibit "H." This total includes $1,308.76 for the months of September 2003, November 2003, February-July 2004, and October-November 2004, and $1,272.47 for the months of January 2002, February 2002, August 2002, September 2002, December 2002, January 2003, August 2004, and September 2004. *See id.* Accordingly, the Court awards Plaintiffs **$2,581.23** against Defendant Corporation for the unremitted dues deductions and I.A.P. and U.B.C. monies that it owes.

#### *b. Interest*

Plaintiffs state in their complaint that they are entitled to interest on the untimely paid dues deductions and I.A.P. and U.B.C. monies. *See* Clark Aff. at Exhibit "A" at ¶ 22. The interest rate is nine-percent per annum. *See id.* Plaintiffs calculate that Defendant Corporation owes a total of

$346.17 in interest on the unremitted dues deductions and I.A.P. and U.B.C. monies, i.e. $205.15 in interest for the months of January 2002, February 2002, August 2002, September 2002, December 2002, January 2003, August 2004, and September 2004, and $141.02 in interest for the months of September 2003, November 2003, February-July 2004, and October-November 2004. *See id.* at Exhibit "H." Accordingly, the Court awards Plaintiffs **$346.17** against Defendant Corporation for interest it owes on the unremitted dues deductions and I.A.P. and U.B.C. monies.

### C.     Costs of Collection

Section 1132(g)(2)(D) provides that a court shall award reasonable attorney's fees and costs of the action. *See* 29 U.S.C. § 1132(g)(2)(D). The Amended Restatement and Agreement of Trust provides that

> [t]he Trustees, in their sole discretion, may require payment by Employers . . . of . . . costs and expenses (such as, without limitation, attorney's fees, paralegals' fees, accountants' or auditors' fees, filing fees and costs of service of papers and all other costs and disbursements) incurred by the Trustees and arising out of the collection of an Employer's delinquent contributions.

*See* Clark Aff. at Exhibit "E" at p. 18 at §5.

#### *1. Attorney's Fees & Costs*

Courts calculate attorney's fees "by multiplying the number of billable hours that the prevailing party's attorneys spend on the case by 'the hourly rate normally charged for similar work by attorneys of like skill in the area.'" *N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1140 (2d Cir. 1983) (quotation omitted). "The reasonable hourly rate must be 'in line with those prevailing in the community . . . .'" *N.Y.S. Teamsters Conference Pension & Ret. Fund v.*

9

*United Parcel Serv., Inc.*, No. 5:98CV1902, 2004 WL 437474, *2 (N.D.N.Y. Feb. 27, 2004) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). Courts have interpreted the term "community" to mean "the district where the court sits." *Id.* (citing *Luciano*, 109 F.3d at 115).

In addition, parties must state, with specificity, "'the date, the hours expended, and the nature of the work done'" for each attorney. *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994) (quoting [*N.Y.S. Ass'n for Retarded Children, Inc.*]*,* 711 F.2d at 1148). "'[C]ontemporaneous time records are a prerequisite[;]'" however, attorneys are "'not required to record in great detail how each minute of [their] time was expended,'" but hours that are "'excessive, redundant, or otherwise unnecessary' must be excluded from the calculation. . . ." *United Parcel Serv., Inc.*, 2004 WL 437474, at *3 (internal quotations omitted).

Finally, an award of attorney's fees also includes reasonable out-of-pocket expenses normally charged to fee paying clients. *See id.* at *6 (quoting *Reichman v. Bonsignore, Brignati & Mazzotta, P.C.*, 818 F.2d 278, 283 (2d Cir. 1987)) (other citation omitted). Courts in this District have previously held that "costs associated with lodging, meals, transportation, photocopying, postage, long distance telephone charges, and facsimiles" are reasonable out-of-pocket expenses and thus recoverable. *See id.* (citing *O'Grady v. Mohawk Finishing Prods., Inc.*, No. 96-CV-1945, 1999 WL 30988, *7-*9 (N.D.N.Y. Jan. 15, 1999)). In addition, computerized legal research costs are recoverable. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F.3d 91, 99 (2d Cir. 2004) (citations omitted).

### *a. Reasonable Hourly Rate*

Relying upon this Court's discussions in *United Parcel Serv., Inc.*, 2004 WL 437474, at *2, *Plumbers, Pipefitters & Apprentices Local Union No. 112 Pension, Health & Educ. & Apprenticeship Plans v. Mauro's Plumbing, Heating & Fire Suppression Inc.*, 84 F. Supp. 2d 344, 356-57 (N.D.N.Y. 2000),[1] and *Arbor Hill Concerned Citizens Neighborhood Ass'n,* 2005 WL 670307, at *6,[2] Plaintiffs seek $206 per hour for the legal services that Ms. Clark and Mr. Kornfeld performed. *See* Clark Aff. at Exhibit "I" at 2. They also seek $175 per hour for the legal services that Mr. Brice performed. *See* Clark Aff. at 7 n.1. They assert that these hourly rates are reasonable given the experience and reputation of the Funds' attorneys, the time and labor required, the amount of delinquency involved and the results obtained. *See* Plaintiffs' Memorandum of Law at 10.

Jennifer A. Clark is a partner at Blitman & King LLP and was admitted to the bar in 1982. *See* Clark Aff. at 7 n.1. Her background and experience include practice before administrative agencies and state and federal courts in various actions, including numerous actions under ERISA to collect delinquent contributions owed to employee benefit plans. *See id.* Daniel Kornfeld is an associate at Blitman & King LLP and was admitted to the Maryland bar in 1998, the District of Columbia bar in 1999, and the New York bar in 2004. His experience includes appearances before administrative agencies and state and federal courts in various actions, including actions concerning employee benefit plans. *See id.* Daniel R. Brice is an associate at Blitman & King LLP and was

---

[1] In those cases, the court found that the following rates were reasonable: $175 per hour for experienced attorneys, $125 per hour for attorneys with four or more years experience, $100 per hour for newly admitted attorneys, and $65 per hour for paralegals.

[2] In this case, the court found that the following rates were reasonable: $210 per hour for experienced attorneys, $150 per hour for associates with four or more years experience, $120 per hour for associates with less than four years experience, and $80 for paralegals.

admitted to the New York bar in 2004. *See id.* His experience includes practice before administrative agencies and state and federal courts in various actions, including those concerning employee benefit plans. *See id.* In light of Ms. Clark's and Mr. Kornfeld's significant experience with ERISA actions and their years in practice, the Court finds that a reasonable rate for their legal services is $206.00 per hour. However, in light of the fact that Mr. Brice graduated from law school in 2003 and was admitted to the New York bar in 2004, the Court finds that the rate requested, $175 per hour, is an unreasonable rate for Mr. Brice's legal services. Rather, because Mr. Brice has been practicing law for at most two years, the Court concludes that the reasonable rate for his legal services is $120 per hour.

### *b. Award of Attorney's Fees & Costs*

Plaintiffs have provided the Court with an itemized statement of the legal services that Ms. Clark, Mr. Kornfeld, and Mr. Brice provided. *See* Clark Aff. at Exhibit "I." This itemized statement contains the names of the individuals who performed the work, the amount of time that they spent performing the work, a brief description of the work that they performed, and the date on which they performed the work. *See id.* None of the work appears to be excessive, redundant or unnecessary. Therefore, the Court awards Plaintiffs attorney's fees in the amount of $1,657.60, calculated as follows:

| Attorney | Rate per hour | Hours | Total |
|---|---|---|---|
| Jennifer A. Clark | $206 | 1.15 | $236.90 |
| David E. Kornfeld | $206 | 4.45 | $916.70 |
| Daniel R. Brice | $120 | 4.2 | $504.00 |
| | | | $1,657.60 |

Plaintiffs also request an award of costs and disbursements in the amount of $396.90. *See id.* These costs and disbursements include copying ($41.40), filing fees ($250.00), and service of the summons and complaint ($105.50). Since these costs are reasonable, out-of-pocket expenses, the Court awards Plaintiffs costs and disbursements in the amount of $396.90.

Accordingly, the Court awards Plaintiffs a total of **$2,054.50** in attorney's fees and costs against Defendants jointly and severally.

### c. Audit Costs

Section four of Article 17 of the CBA states that, "[i]f it has been determined that an employer is delinquent, said employer will be assessed liquidated damages, accountant fees and attorney fees." *See* Clark Aff. at Exhibit "D" at Art. 17 § 4. Furthermore, the Funds' Collections Policy provides that "collection proceedings will be commenced by Funds' Counsel seeking the delinquent contributions plus the interest, liquidated damages, audit fees, attorney's and paralegal fees, costs and disbursements." *See* Clark Aff. at Exhibit "F" at p. 3 § 1(e). Plaintiffs request audit fees in the amount of $441.59. *See* Clark Aff. at ¶¶ 23-24. To support their request, Plaintiffs submitted the audit report and the auditor's travel expense invoices. *See* Clark Aff. at Exhibit "G." These invoices, however, do not support this request in its entirety., *see* Clark Aff. at Exhibit "G."

13

Rather, not including the auditor's travel and living expenses, these invoices total $394.63.[3] Accordingly, the Court awards Plaintiffs **$394.63** in audit costs against Defendants jointly and severally.

### D.     Post-judgment Interest under 28 U.S.C. § 1961(a)

Section 1961(a) of Title 28 of the United States Code provides that "interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Courts have allowed post-judgment interest on attorney's fees and costs when a judgment includes such an award. *See Raff v. Maggio*, 746 F. Supp. 1207, 1208 (E.D.N.Y. 1990) (citations omitted). Courts have also allowed post-judgment interest on judgments that include contributions and deductions, interest, and liquidated damages. *See I.B.E.W. Local No. 910 Welfare, Annuity, & Pension Funds v. Dexelectrics, Inc.*, 98 F. Supp. 2d 265, 277 (N.D.N.Y. 2000); *Alston v. Wall St. Garage Parking Corp.*, No. 03 Civ. 5418, 2004 WL 1194595, *2 (S.D.N.Y. May 28, 2004) (awarding post-judgment interest on all sums awarded, which included unpaid contributions, interest, statutory damages, attorney's fees and costs); *Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Training Program Fund v. Ciro Randazzo Builders, Inc.*, No. 03 Civ. 2677, 2004 WL 1152933, *4 (S.D.N.Y. May 24, 2004) (awarding post-judgment interest on all sums awarded, including unpaid contributions, interest, statutory damages, attorney's fees and

---

[3] The amount of $394.63 is calculated as follows: for November 3, 2004, 1.25 hours of travel at $20.50 per hour and 3.75 hours on premises at $41.00 per hour, for a total of **$179.38**, amd for January 3, 2005, 1.5 hours of travel at $20.50 per hour and 4.5 hours on premises at $41.00 per hour for a total of **$215.25**, for a grant total of total **$394.63**. Although these invoices also list the auditor's "travel and living expenses," Plaintiffs do not explain what portion of these expenses are included in their request for audit fees; and, therefore, the Court has not included these expenses in its calculations.

costs). *But see N.Y.S. Teamsters Conference Pension & Ret. Fund v. Empire Airgas, Inc.*, No. 95-CV-1313, 1996 WL 31172, *3 (N.D.N.Y. Jan. 22, 1996) (citing *I.A.M. Nat'l Pension Fund v. Slyman Indus.*, 901 F.2d 127, 130 (D.C. Cir. 1990)) (other citation omitted) (holding that "[p]ostjudgment interest is available only upon the amount of unpaid contributions . . . . No postjudgment interest is allowed on the other components of plaintiff's damages"). Accordingly, in conformity with the majority of the courts that have addressed this issue, the Court awards Plaintiffs post-judgment interest on the entire judgment.

### III. CONCLUSION

After carefully considering the file in this matter, the Plaintiffs' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiffs' motion, pursuant to Rule 55 of the Federal Rules of Civil Procedure, for an entry of default judgment against Defendants, jointly and severally, is **GRANTED** in the amount of **$31,712.59**;[4] and the Court further

**ORDERS** that Plaintiffs' motion, pursuant to Rule 55 of the Federal Rules of Civil Procedure, for an entry of default judgment against Defendants E&B Equipment & Furniture, Inc. is **GRANTED** in the amount of **$3,709**;[5] and the Court further

---

[4] This total is calculated as follows: (1) $19,561.70 in delinquent contributions owed to the Pension, Health & Annuity Funds; (2) $4,384.30 in interest on the contributions owed to the Pension, Health & Annuity Funds; (3) $5,317.46 in liquidated damages on the contributions owed to the Pension, Health & Annuity Funds; (4) $2,054.50 in attorney's fees and costs; and (5) $394.63 in audit costs.

[5] This total, which is in addition to the $31,712,59 that Defendant Corporation owes jointly and severally with Defendant Ensminger, is calculated as follows: (1) $601.76 in

(continued...)

15

**ORDERS** that Plaintiffs are entitled to post-judgment interest, calculated pursuant to 28 U.S.C. § 1961, on the entire amount of the judgment; and the Court further

**ORDERS** that the Clerk of the Court enter judgment in favor of Plaintiffs and close this case.

**IT IS SO ORDERED.**

Dated: May 18, 2006
       Syracuse, New York

/s/ Frederick J. Scullin, Jr.
Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[5](...continued)
delinquent contributions to the Training Fund; (2) $57.25 in interest owed on contributions owed to the Training Fund; (3) $122.59 in liquidated damages owed to the Training Fund; (4) $2,581.23 in unremitted dues and I.A.P. and U.B.C. monies; and (5) $346.17 in interest on the unremitted dues deductions and I.A.P. and U.B.C. monies.

16